**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____  :
                              :
RAYMOND ROUSE,                :
                              :    Civil Action No.
        Plaintiff,            :    2:05-CV-05157 (JAG)
                              :
        v.                    :    **O P I N I O N**
                              :
PAULIILO and SILVA,           :
                              :
        Defendants.           :
_____:

**APPEARANCES:**

>   RAYMOND ROUSE, pro se
>   #427741
>   EJSP-ASCU
>   Rahway, New Jersey 07065

**JOSEPH A. GREENAWAY, JR., District Judge**

Plaintiff Raymond Rouse ("Plaintiff") currently confined at East Jersey State Prison, Rahway, New Jersey, seeks to bring this action in forma pauperis without prepayment of fees, pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence and institutional account statement, the Court grants his application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) (1998), and orders the Clerk of the Court to file the complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A (1998), to determine whether

it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be partially dismissed for failure to state claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## BACKGROUND

Plaintiff's complaint reads, in pertinent parts, as follows:

**First defendant - name:**
> Pauliilo.

**How is this person involved in the case?**
> They have me being locked for me being sentence[d] for 2 robbery charges and 1 hom[i]cide charge[,] but I was sentenced for 1 robbery.  Classification has giv[en] me 3 max[imum] dates under my sentence which is 8 y[ea]rs with 85% under the No Early Release Act . . . .  The dates are 3-18-07[,] 3-22-07 and 5-22-08.

**Second defendant - name:**
> Silva.

**How is this person involved in the case?**
> By giv[ing] me incorrect i[n]formation on my max[imum] date (3-18-07).

**Previously . . . sought informal or formal relief from the appropriate administrative officials . . . :**
> I've written the 2 defendants in my complaint which the[y] both have given me false i[n]formation on my sentence by v[i]olating my 8th Amendment [rights,] which is cruel and unu[su]al punishment and [that has] given me mental stress.

>**Claims:**
>> Silva responded back to a letter that I have written him about my sentence calculation being incorrect. I've received this letter [during] the time [when] I was incarcerated at N.J.S.P. in Trenton. I was transported here to E.J.S.P., [and] I have been incarcerated at E.J.S.P. . . . since the[n]. I've filed an inmate request form[, and] my request was forwarded to the Classification Dept. I got [a] respon[se] . . . stating [that] my max[imum] date is 5-22-08 [being signed] by Pauliilo.
>
>**Relief [sought]:**
>> I'm requesting to be transferred back to C.R.A.F. Central Reception and Assignment facility for the remain[der] of . . . my sentence because I fear for my safety in this facility[,] and I have an officer that works here [who is] invol[v]ed in one of my cases, I am having problems with an officer co-eds I have written up and fired in 1997. I am suing both Defendants for $500,000.

Complaint, ¶¶ 4-7.

## DISCUSSION

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any

prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

## A. Standard of Review

In determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See  Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  "A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

## B. Plaintiff's Claim for Relief

Section 1983 of Title 42 of the United States Code authorizes a person to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) that he or she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (2) that the challenged conduct was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.J. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Liberally construing the statements made in Plaintiff's Complaint, see Haines, 404 U.S. at 520, this Court presumes that Plaintiff alleges the following: (1) Plaintiff's constitutional rights were violated when prison officials gave him inconsistent statements with regard to his maximum release date(s); (2) this inconsistency in information amounted to a cruel and unusual punishment in violation of Plaintiff's Eighth Amendment rights;

and (3) Plaintiff's health and/or life is in danger since (a) one of the Defendants is a staff employee at Plaintiff's current place of incarceration, and (b) other staff employees at Plaintiff's current place of incarceration were, eight or more years ago, colleagues of an unidentified staff member whose employment was terminated in 1997, allegedly on the basis of Plaintiff's previous complaint unrelated to the case at bar.

While it is clear that Defendants Pauliilo and Silva acted under color of law when they responded to Plaintiff's inquiries, Plaintiff's complaint is still subject to dismissal with regard to the matters related to potential inconsistency in information since, as it is detailed below, this potential inconsistency did not deprive Plaintiff of any right secured by the Constitution or laws of the United States.

### 1.   **Plaintiff's Eighth Amendment Rights**

Based on the statements made in Complaint, this Court presumes that: (1) Plaintiff obtained a list of three potential release dates from a certain unidentified classification unit; and (2) Plaintiff's Eighth Amendment claim for damages is based on the fact that either both or one of the Defendants provided Plaintiff with one of these release dates, rather than the entire list.[1]

---

[1]   Plaintiff neither specifies the name of the person who initially provided Plaintiff with the list of these three dates nor asserts any claims against that person.

This Court fails to see how these possibly inconsistent recitals of dates from the list already known to Plaintiff could have caused Plaintiff pangs of emotional distress comparable in their magnitude to cruel and unusual punishments prohibited by the Eight Amendment.  While the Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting cruel and unusual punishments on those convicted of crimes, see Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981), this proscription could be violated only by an "unnecessary and wanton infliction of pain *contrary to contemporary standards of decency*." Helling v. McKinney, 509 U.S. 25, 32 (1993) (emphasis supplied).

To state a claim under the Eighth Amendment, an inmate must allege both objective and subjective components.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' . . . are sufficiently grave to form the basis of an Eighth Amendment violation." Helling, 509 U.S. at 32 (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)).  This component requires that the deprivation sustained by a prisoner be extremely serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim.  Hudson v. McMillian, 503 U.S. 1, 9 (1992).

The subjective component requires that the state actor have

acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Wilson v. Seiter, 501 U.S. 294, 303 (1991).  In other words, an inmate may satisfy the objective component of a conditions-of-confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care and personal safety.  Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992).  Similarly, an inmate may fulfill the subjective element of such a claim by demonstrating that prison officials knew of such substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety."  Ingalls v. Florio, 968 F. Supp. 193, 198 (D.N.J. 1997).

In the case at bar, Plaintiff was "deprived" of having the entire list of three dates being recited to Plaintiff over and over again in each of Defendants' responses.  Having a list recited is not, however, a "minimal . . . life's necessit[y]" and, thus, Defendants' decisions to cite one particular date rather than all dates already known to Plaintiff were not "contrary to contemporary standards of decency."  Helling v. McKinney, 509 U.S. at 32. Consequently, the Court dismisses

Plaintiff's Eighth Amendment claim for failure to state a claim.[2]

**2. Plaintiff's Place of Confinement**

Plaintiff also seeks transfer to a correctional facility of Plaintiff's choice on the grounds that Plaintiff fears for his safety at the place of his current confinement. This request presents inquiries as to whether: (1) Plaintiff has the right to select the particular place of his confinement; and (2) Plaintiff has stated facts indicating that his safety is compromised at his current place of confinement.

The former appears to relate to Plaintiff's Fourteenth Amendment due process rights that could be triggered by a deprivation of Plaintiff's legally cognizable liberty interest. Plaintiff, however, does not have a liberty interest in assignment to the correctional institution of his choice. See Wilkinson v. Austin, 125 S. Ct. 2384, 2393 (2005) (noting that the Constitution does not give rise to a liberty interest in avoiding transfers to more adverse conditions of confinement); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montayne v. Haymes, 427 U.S. 236,

---

[2] Even if the Court construed Plaintiff's claim with respect to the inconsistency of dates cited as one raising a due process violation rather than a violation of the Eighth Amendment rights asserted by Plaintiff, Plaintiff's claim still has no merit since: (1) Plaintiff does not assert that he is being held beyond his maximum release date; and (2) Plaintiff's remedy for erroneous calculation of his sentencing term lays in bringing a Habeas Corpus action. See Preiser v. Rodriguez, 512 U.S. 477 (1994); Heck v. Humphrey, 411 U.S. 475 (1973).

243 (1976); Walker v. Hughes, 558 F.2d 1247, 1252 (6th Cir. 1977)("Federal statutory law gives federal prison officials full discretion in the treatment of prisoners and does not restrict the authority of prison officials over the inmates as to placement in more restrictive living status, transfer to other prisons, subjection to significant and adverse effects on parole dates, and deprivation of privileges").

Pertinent to Plaintiff's due process claim, the Supreme Court has held:

> The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons.
>
> Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose.

Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (emphasis in original).

Moreover, the matters of placement of prisoners are among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." Id., at 225.

While Plaintiff has no cognizable interest in assignment to the correctional institution of his choice, Plaintiff certainly

has a protected right in being incarcerated at a place of confinement not endangering Plaintiff's safety in accordance with the standards set forth by the Eighth Amendment, as discussed supra.

After examining Plaintiff's Complaint, however, this Court concludes that Plaintiff has not provided sufficient facts indicating that he is in danger. Plaintiff's Complaint fails to specify any threat(s) or malicious action(s) against Plaintiff by either Defendants or any other employee at the Plaintiff's current place of confinement.[3]

## CONCLUSION

For the reasons set forth above, Plaintiff's claims with respect to his sentencing term are dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff has not forfeited his right to seek habeas relief in the future based on this dismissal. This dismissal is non-prejudicial solely for the purposes of seeking to assert a Writ of Habeas Corpus.

Furthermore, since it is conceivable that, with respect to

---

[3] Plaintiff's Complaint has only one generic and vague statement that Plaintiff is "having problems." As discussed in the "Plaintiff's Claim for Relief" part of this Opinion, Plaintiff seems to assert that his safety is endangered by: (1) one of the Defendants being employed at the place of Plaintiff's current confinement; and (2) the fact that, eight or more years ago, certain unspecified employees at Plaintiff's current place of confinement used to be colleagues of an unidentified officer whose employ was allegedly terminated on the basis of Plaintiff's complaint unrelated to the case at bar.

Plaintiff's claim about his health and/or life being in danger at the place of his current confinement, Plaintiff may be able to supplement his pleading with facts sufficient to state a claim, the Court permits Plaintiff to file an amended complaint within 30 days from the date of issuance of the Order attached to this Opinion.[4]  If Plaintiff either fails to file an amended complaint within the period of time designated in the attached Order or omits to detail with specificity the facts supplying grounds to Plaintiff's claim about his health and/or life being in danger at the place of his current confinement, this case will be dismissed.

        S/Joseph A. Greenaway, Jr.
        JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: January 24, 2006
Newark, New Jersey

---

[4]  Plaintiff should note that, if an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  See id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  See id.